UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVERAGED INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>NASDAQ OMX GROUP, INC.,<br>NASDAQ OMX BX, INC.,<br>NASDAQ OMX BX EQUITIES, LLC,<br>NASDAQ OMX PHLX, INC.,<br>THE NASDAQ STOCK MARKET LLC,<br>PROSHARE ADVISORS LLC,<br>PROSHARES TRUST I, and<br>PROSHARES TRUST II,<br><br>  Defendants. | C.A. No. 1:11-cv-03203 (RJH) |

**DEFENDANTS PROSHARE ADVISORS LLC, PROSHARES TRUST, AND PROSHARES TRUST II'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants ProShare Advisors LLC, ProShares Trust (identified in the Amended Complaint as "ProShares Trust I"), and ProShares Trust II (collectively, the "ProShares Defendants," or "ProShares Counterclaim-Plaintiffs"), by and through their undersigned counsel, hereby answer the Amended Complaint of Plaintiff Leveraged Innovations, LLC ("Plaintiff" or "Leveraged Innovations") and assert their affirmative defenses and counterclaims as follows:

NATURE OF THE SUIT

1.  ProShares Defendants admit that Plaintiff purports to assert claims arising under the laws stated in Paragraph 1. ProShares Defendants admit that purported copies of U.S. Patent No. 7,698,192 ("the '192 patent") and U.S. Patent No. 7,917,422 ("the '422 patent")

(collectively, "the Patents-in-Suit") are attached to the Amended Complaint as Exhibits 1 and 2, respectively.  ProShares Defendants admit that, on their faces, these patents display issue dates of April 13, 2010 and March 29, 2011, respectively.  To the extent Paragraph 1 contains any remaining allegations requiring a response, they are denied.

2. ProShares Defendants admit that the '192 patent purports to claim systems related to a "leveraged exchange traded product" comprising "a leveraged portfolio of securities," but ProShares Defendants deny that the Patents-in-Suit describe "ETFs" or "Exchange Traded Funds" as stated in the second, third, fourth, and fifth sentences of Paragraph 2, and ProShares Defendants otherwise refer to the Patents-in-Suit, which documents speak for themselves.  ProShares Defendants deny any and all remaining allegations in Paragraph 2.

3. ProShares Defendants admit that the '192 patent purports to claim systems related to a "leveraged exchange traded product" comprising "a leveraged portfolio of securities," but ProShares Defendants deny that the Patents-in-Suit describe "leveraged ETFs" as stated in the second and third sentences of Paragraph 3, and ProShares Defendants otherwise refer to the Patents-in-Suit, which documents speak for themselves.  ProShares Defendants deny any and all remaining allegations in Paragraph 3.

4. ProShares Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations involving The NASDAQ OMX Group, Inc. (named herein as NASDAQ OMX Group, Inc. ("NASDAQ OMX")), NASDAQ OMX BX, Inc. ("NASDAQ BX"), NASDAQ OMX BX Equities LLC ("NASDAQ BX Equities"), NASDAQ OMX PHLX LLC (named herein as NASDAQ OMX PHLX, Inc.) ("NASDAQ PHLX"), and The NASDAQ Stock Market LLC ("NASDAQ Stock Market") (collectively, "NASDAQ") and therefore, deny those allegations.  ProShares Defendants admit that the ProShares Defendants create and manage

ETFs.  ProShares Defendants incorporate by reference their response to Paragraph 19, as if fully set forth herein.  ProShares Defendants further admit that some ProShares ETFs are listed on the NASDAQ stock exchange.  ProShares Defendants deny they have utilized or are utilizing any invention claimed in the '192 patent, and deny any and all remaining allegations in Paragraph 4.

## THE PARTIES

5. ProShares Defendants admit that, on its face, the '192 patent lists Kenneth Kiron as an inventor.  Upon information and belief, ProShares Defendants admit that Leveraged Innovations is listed as an assignee of the '192 patent in the records of the United States Patent and Trademark Office, with Kenneth Kiron listed as an assignor.  ProShares Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore, deny those allegations.

6. ProShares Defendants restate and incorporate by reference their response to Paragraph 4, as if fully set forth herein, and deny any and all remaining allegations in Paragraph 6.

7. ProShares Defendants restate and incorporate by reference their response to Paragraph 4, as if fully set forth herein, and deny any and all remaining allegations in Paragraph 7.

8. ProShares Defendants restate and incorporate by reference their response to Paragraph 4, as if fully set forth herein, and deny any and all remaining allegations in Paragraph 8.

9. ProShares Defendants restate and incorporate by reference their response to Paragraph 4, as if fully set forth herein, and deny any and all remaining allegations in Paragraph 9.

10. ProShares Defendants restate and incorporate by reference their response to Paragraph 4, as if fully set forth herein, and deny any and all remaining allegations in Paragraph 10.

11. ProShares Defendants admit that ProShares Trust and ProShares Trust II are Delaware statutory trusts, and have their principal offices at 7501 Wisconsin Avenue, Suite 1000 Bethesda, Maryland 20814.  ProShares Defendants admit that ProShares Trust is an open-end management investment company registered with the Securities and Exchange Commission ("SEC") under the Investment Company Act of 1940, as amended.  ProShares Defendants admit that ProShares Defendants have created ETFs listed on the NASDAQ stock exchange including ProShares UltraPro QQQ, ProShares UltraPro Short QQQ, ProShares Ultra Nasdaq Biotechnology, and ProShares UltraShort Nasdaq Biotechnology.  ProShares Defendants deny they have utilized or are utilizing any invention claimed in the '192 patent, and deny any and all remaining allegations in Paragraph 11.

12. ProShares Defendants admit that ProShare Advisors LLC ("ProShare Advisors") is a limited liability company existing under the laws of Maryland, having its principal offices at 7501 Wisconsin Avenue, Suite 1000, Bethesda, Maryland.  ProShares Defendants admit that ProShares Defendants have created ETFs listed on the NASDAQ stock exchange including ProShares UltraPro QQQ, ProShares UltraPro Short QQQ, ProShares Ultra Nasdaq Biotechnology, and ProShares UltraShort Nasdaq Biotechnology.  ProShares Defendants admit that ProShare Advisors serves as the investment advisor for ProShares Trust and its ETFs.  ProShares Defendants deny they have utilized or are utilizing any invention claimed in the '192 patent, and deny any and all remaining allegations in Paragraph 12.

## JURISDICTION AND VENUE

13. ProShares Defendants admit that Plaintiff purports to bring an action and assert claims arising under the laws listed in Paragraph 13. ProShares Defendants admit that Plaintiff has invoked 28 U.S.C. §§ 1331 and 1338(a) as the basis for subject matter jurisdiction in this Court. To the extent Paragraph 13 contains any remaining allegations requiring a response, they are denied.

14. ProShares Defendants admit that this Court has personal jurisdiction over ProShares Defendants and that venue is proper. ProShares Defendants admit that ETFs created by ProShares Defendants are listed on the NASDAQ stock exchange. ProShares Defendants deny they have utilized or are utilizing any invention claimed in the '192 patent, and deny any and all remaining allegations in Paragraph 14.

## FACTUAL BACKGROUND

15. ProShares Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore, deny those allegations.

16. ProShares Defendants admit that ETFs created and managed by ProShares Defendants are listed on the NASDAQ stock exchange. ProShares Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore, deny those allegations.

17. ProShares Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore, deny those allegations.

18. ProShares Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore, deny those allegations.

19. ProShares Defendants admit that, as of November 16, 2011, the website http://www.proshares.com states, in part, "the world's largest provider of leveraged and inverse

funds." ProShares Defendants admit that ProShares Defendants have created ETFs listed on the NASDAQ stock exchange including ProShares UltraPro QQQ, ProShares UltraPro Short QQQ, ProShares Ultra Nasdaq Biotechnology, and ProShares UltraShort Nasdaq Biotechnology. ProShares Defendants deny any and all remaining allegations in Paragraph 19.

20.     ProShares Defendants admit that, as of October 25, 2011, a prospectus for the ProShares UltraPro QQQ fund stated, in part, "ProShare Advisors uses a mathematical approach to investing. Using this approach, ProShare Advisors determines the type, quantity and mix of investment positions that the Fund should hold to approximate the performance of three times (3x) the Index." ProShares Defendants deny they have utilized or are utilizing any invention claimed in the '192 patent, and deny any and all remaining allegations in Paragraph 20.

21.     ProShares Defendants admit that, as of October 25, 2011, a prospectus for the ProShares UltraPro QQQ fund stated, in part, "The Fund invests in equity securities and derivatives that ProShare Advisors believes, in combination, should have similar daily return characteristics as three times (3x) the daily return of the Index." ProShares Defendants deny any and all remaining allegations in Paragraph 21.

22.     ProShares Defendants admit that, as of October 25 2011, a prospectus for the ProShares UltraPro QQQ fund stated, in part, "In order to achieve a high degree of correlation with the Index, the Fund seeks to rebalance its portfolio daily to keep exposure consistent with its investment objective." ProShares Defendants deny any and all remaining allegations in Paragraph 22.

23.     ProShares Defendants admit that, as of October 25, 2011, a prospectus for the ProShares UltraPro QQQ fund stated, in part, "The Fund's shares are listed for trading on The NASDAQ Stock Market and can be bought and sold in the secondary market at market prices.

The market prices of shares will fluctuate in response to changes in NAV and supply and demand for shares. ProShare Advisors cannot predict whether shares will trade above, below or at their NAV. Given the fact that shares can be created and redeemed in Creation Units, as defined below, ProShare Advisors believes that large discounts or premiums to the NAV of shares should not be sustained. The Fund's investment results are measured based upon the daily NAV of the Fund." ProShares Defendants deny any and all remaining allegations in Paragraph 23.

24. ProShares Defendants admit that Kenneth Kiron contacted ProShares Defendants, but deny this commenced in September 2010. ProShares Defendants admit that Kiron provided a document dated October 8, 2010, which document speaks for itself. ProShares Defendants deny that ProShares Defendants spoke about the '192 patent with Kiron. ProShares Defendants further deny that Kiron offered them any license under the '192 patent or that ProShares Defendants refused to take any such license. ProShares Defendants deny they have utilized or are utilizing any invention claimed in the '192 patent. ProShares Defendants deny any and all remaining allegations in Paragraph 24.

COUNT I:
ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY NASDAQ

25. ProShares Defendants restate and incorporate by reference their responses to all foregoing paragraphs, as if fully set forth herein.

26. ProShares Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore, deny those allegations.

27. ProShares Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore, deny those allegations.

28.     ProShares Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore, deny those allegations.

29.     ProShares Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore, deny those allegations.

## COUNT II:
## ALLEGED INFRINGEMENT OF THE '192 PATENT BY PROSHARES

30.     ProShares Defendants restate and incorporate by reference their responses to all foregoing paragraphs, as if fully set forth herein.

31.     ProShares Defendants admit that ProShares Defendants create and manage ETFs listed on the NASDAQ stock exchange including ProShares UltraPro QQQ, ProShares UltraPro Short QQQ, ProShares Ultra Nasdaq Biotechnology, and ProShares UltraShort Nasdaq Biotechnology.  ProShares Defendants deny any and all remaining allegations in Paragraph 31.

32.     ProShares Defendants deny the allegations in Paragraph 32.

33.     ProShares Defendants deny the allegations in Paragraph 33.

34.     ProShares Defendants deny the allegations in Paragraph 34.

ProShares Defendants deny that Plaintiff is entitled to any of the relief requested in its prayer for relief, or any relief whatsoever.  ProShares Defendants deny any and all remaining allegations in Plaintiff's prayer for relief.

ProShares Defendants hereby deny each and every allegation in Plaintiff's Amended Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

ProShares Defendants assert the following affirmative defenses without prejudice to their position that they do not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with Plaintiff as a matter of law.

ProShares Defendants hereby give notice that, in addition to the following affirmative defenses, they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve their rights to amend their Answer, if necessary, and to assert such defenses.

## FIRST AFFIRMATIVE DEFENSE
(Invalidity)

35. ProShares Defendants restate and incorporate by reference all foregoing paragraphs as if set forth fully herein.

36. All of the claims of the '192 patent are invalid for failure to comply with one or more provisions of Title 35 of the Unites States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

37. As examples, and without limitation, all of the claims of the '192 patent are invalid for failure to comply with one or more requirements of 35 U.S.C. § 112, including failure to provide a written description of the invention because the '192 patent's specification does not describe a "leveraged exchange traded product" comprising "a leveraged portfolio of securities," failure to enable one of ordinary skill in the art to make and use the invention, and failure to disclose the best mode contemplated by the inventors of carrying out their invention.

## SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

38. ProShares Defendants restate and incorporate by reference all foregoing paragraphs as if set forth fully herein.

39. ProShares Defendants are not infringing and have not infringed, contributed to the infringement of, or actively induced others to infringe, any valid claim of the '192 patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

40. ProShares Defendants restate and incorporate by reference all foregoing paragraphs as if set forth fully herein.

41. The Plaintiff's Amended Complaint fails to state a claim for infringement against the ProShares Defendants because each purported claim therein fails to allege facts sufficient to state a claim against ProShares Defendants.

42. As an example, and without limitation, the Plaintiff's Amended Complaint fails to state which claims of the '192 patent ProShares Defendants have allegedly infringed or are allegedly infringing, and further fails to state how ProShares Defendants have allegedly infringed or are allegedly infringing the '192 patent.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

43. ProShares Defendants restate and incorporate by reference all foregoing paragraphs as if set forth fully herein.

44. Upon information and belief, any claim for damages in connection with the '192 patent is limited or precluded due to the failure of Plaintiff to mark or give notice of alleged infringement pursuant to 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE
### (License and/or Exhaustion)

45. ProShares Defendants restate and incorporate by reference all foregoing paragraphs as if set forth fully herein.

46. Upon information and belief, Plaintiff's claims are barred, in whole or in part, by license and/or exhaustion.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, Estoppel)

47. ProShares Defendants restate and incorporate by reference all foregoing paragraphs as if set forth fully herein.

48. Plaintiff's claims are barred, in whole or in part, under the doctrine(s) of laches, waiver, and/or estoppel.

## COUNTERCLAIMS

### NATURE OF THE ACTION

1. Defendants file these counterclaims under the patent laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, to obtain a declaratory judgment that each and every claim of the '192 patent is invalid, and not infringed.

### THE PARTIES

2. Counterclaim-Plaintiff ProShares Trust is a statutory trust organized and existing under the laws of Delaware and is an open-end management investment company registered with the SEC under the Investment Company Act of 1940, as amended, with its principal offices at 7501 Wisconsin Avenue, Suite 1000 Bethesda, Maryland 20814.

3. Counterclaim-Plaintiff ProShares Trust II is a statutory trust organized and existing under the laws of Delaware and is a publicly offered commodity pool regulated by the

Commodity Futures Trading Commission ("CFTC"), with its principal offices at 7501 Wisconsin Avenue, Suite 1000 Bethesda, Maryland 20814.

4. Counterclaim-Plaintiff ProShare Advisors LLC ("ProShare Advisors") is a limited liability company organized and existing under the laws of Maryland, having its principal offices at 7501 Wisconsin Avenue, Suite 1000, Bethesda, Maryland 20814.

5. Counterclaim-Defendant Leveraged Innovations LLC, alleges, at Paragraph 5 of the Amended Complaint, that it "is a limited liability corporation organized and existing under the laws of Delaware, having its principal offices at 450 Park Avenue, New York, New York."

## JURISDICTION AND VENUE

6. On or about May 11, 2011, Leveraged Innovations, LLC filed a Complaint, instituting this action in the United States District Court for the Southern District of New York; and on May 31, 2011, Leveraged Innovations, LLC filed an Amended Complaint with the Court, alleging, inter alia, that ProShares Defendants infringe the '192 patent, without limiting this allegation to particular claims of the '192 patent.

7. Accordingly, an actual controversy now exists between the parties regarding the invalidity and noninfringement of the '192 patent.

8. This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

9. Counterclaim-Defendant Leveraged Innovations, LLC has consented to personal jurisdiction for this action in this District by filing the Complaint in this action.

10. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## CLAIM ONE
### (Declaratory Judgment of Invalidity of the '192 Patent)

11.     ProShares Counterclaim-Plaintiffs restate and incorporate by reference all foregoing paragraphs as if set forth fully herein.

12.     All claims of the '192 patent are invalid for failure to comply with the provisions of Title 35 of the Unites States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

13.     As an example, and without limitation, all of the claims of the '192 patent are invalid for failure to provide the written description required by 35 U.S.C. § 112, paragraph 1, because the '192 patent's specification does not describe a "leveraged exchange traded product" comprising "a leveraged portfolio of securities."

14.     Each of the 82 claims of the '192 patent require a "leveraged exchange traded product" comprising "a leveraged portfolio of securities."  But this "leveraged" product and portfolio concept is absent from the specification of the '192 patent, whether as originally filed in 1995 as the application for the '192 patent's ultimate parent, or when it was re-filed on April 20, 2001 in the application that would later become the '192 patent.  This concept—the subject of every claim of the '192 patent—is nowhere described or even mentioned.

15.     Accordingly, the patent's specification as filed never provided any written description of the "leveraged" product and portfolio.  As a result, every claim is invalid on its face for lack of written description.

16.     As an example, and without limitation, all of the claims of the '192 patent are invalid for failure to enable one of ordinary skill in the art to make and use the invention, as required by 35 U.S.C. § 112.

17.     As an example, and without limitation, all of the claims of the '192 patent are invalid for failure to disclose the best mode contemplated by the inventors of carrying out their invention, as required by 35 U.S.C. § 112.

18.     An actual, substantial, and immediate controversy exists between ProShares Counterclaim-Plaintiffs and Leveraged Innovations as to whether all 82 claims of the '192 patent are invalid.

19.     ProShares Counterclaim-Plaintiffs are entitled to a judicial declaration and order that claims 1 through 82 of the '192 patent are invalid.

<u>CLAIM TWO:</u>
(Declaratory Judgment of Noninfringement of the '192 Patent)

20.     ProShares Counterclaim-Plaintiffs restate and incorporate by reference all foregoing paragraphs as if set forth fully herein.

21.     ProShares Counterclaim-Plaintiffs are not infringing and have not infringed, contributed to the infringement of, or actively induced others to infringe, any valid claim of the '192 patent, either literally or under the doctrine of equivalents.

22.     An actual, substantial, and immediate controversy exists between ProShares Counterclaim-Plaintiffs and Leveraged Innovations as to whether ProShares Counterclaim-Plaintiffs infringe or have infringed any valid claim of the '192 patent.

23.     ProShares Counterclaim-Plaintiffs are entitled to a judicial declaration and order that they do not infringe and have not infringed any valid claim of the '192 patent.

**DEMAND FOR JURY TRIAL**

ProShares Defendants/Counterclaim-Plaintiffs demand a trial by jury on all issues triable of right by a jury.

## PROSHARES COUNTERCLAIM-PLAINTIFFS' PRAYER FOR RELIEF

WHEREFORE, ProShares Defendants respectfully request that the Court enter judgment:

A. Dismissing all claims in Plaintiff's Amended Complaint with prejudice, finding that Plaintiff/Counterclaim-Defendant is not entitled to any of its requested relief, or any relief whatsoever, and deny all relief requested by Plaintiff/Counterclaim-Defendant;

B. Declaring that Defendant has not been and is not now infringing any claim of the '192 patent, either directly or indirectly;

C. Declaring that claims 1 through 82 of the '192 patent are invalid;

D. Declaring that all claims related to the '192 patent are barred, in whole or in part, by Plaintiff's failure to mark or give notice of alleged infringement pursuant to 35 U.S.C. § 287;

E. Adjudging that this is an exceptional case and awarding ProShares Defendants their attorneys' fees in this action, together with interest and costs of the action, as provided by 35 U.S.C. § 285; and

F. Awarding ProShares Defendants such other and further relief as this Court deems just and proper.

Dated:  November 17, 2011

Respectfully submitted,

ROPES & GRAY LLP

By: /s/ J. Steven Baughman
    J. Steven Baughman
    ROPES & GRAY LLP
    One Metro Center
    700 12th Street, NW
    Suite 900
    Washington, DC 20005
    202-508-4600
    202-508-4650 (fax)
    steven.baughman@ropesgray.com

*Attorney for Defendants ProShare Advisors LLC, ProShares Trust, and ProShares Trust II*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 17th day of November 2011, I caused to be electronically transmitted a true and correct copy of the above document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to counsel of record.

                 /s/ J. Steven Baughman
                 J. Steven Baughman